IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P. GEISERT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:09-CV-0670-P |
| | § | |
| BERNARD BROWN, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff commenced this action on April 13, 2009, seeking a declaratory injunction and compensatory relief for patent infringement.[1] Now before the Court are Defendant's Motion to Dismiss for Failure to Plead Properly filed on May 12, 2009, Defendant's Motion for More Definite Statement filed on May 12, 2009, Plaintiff's Motion for Default Judgment filed on July 23, 2009,[2] Plaintiff's Motion to Amend/Correct filed on August 24, 2009, and Plaintiff's Request for Preliminary Injunction filed on August 26, 2009.[3]

## I.  Defendant's Motion for More Definite Statement

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Fed. R. Civ. P. 8(a)(2). The Fifth Circuit has established that pro se complaints are held to lower standards than the formal pleadings drafted by lawyers. *Dark v.*

---

[1] Plaintiff brings this suit pro se. Although Defendant was initially represented by counsel, the Court granted counsel's Motion to Withdraw, and Defendant now represents himself pro se.

[2] Defendant filed a Response to Plaintiff's Motion on August 3, 2009.

[3] Defendant filed a Response to Plaintiff's Request on September 3, 2009. Plaintiff filed a Reply to Defendant's Response on September 22, 2009.

*Potter*, 293 F. App'x 254, 256 (5th Cir. 2008) (*citing Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). In fact, a district court generally errs if it dismisses a pro se complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. *Id.* (*citing Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Accordingly, a pro se complaint need only set forth the allegations in sufficient detail to provide the other party with fair notice of the nature of the claim.

Here, the pro se complaint can be construed to sufficiently provide Defendant with notice of the nature of Plaintiff's claims. Plaintiff's complaint provides Defendant with fair notice of the following claims: (1) patent infringement, (2) declaratory judgment, and (3) injunctive relief. Plaintiff's complaint does not however, provide Defendant with fair notice of his claims for either fraud or breach of contract.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Federal Rules require a higher standard of pleading in matters of fraud to ensure that the plaintiff has properly investigated the facts giving rise to the claim and to prevent the plaintiff from filing a baseless claim in an attempt to uncover wrongdoing through discovery. *Guidry v. Bank of LaPlace*, 740 F. Supp. 1208, 1216 (E.D. La. 1990).

In order to satisfy the requirement of particularity, the complaint must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (internal quotation marks and citation omitted).

Defendant complains that he is unclear whether Plaintiff has asserted breach of contract claim or fraud claims. (Def.'s Rule 12 Pre-Answer ¶ 10.) Even construing Plaintiff's pleadings

liberally, this Court is unable to flesh out these claims. The Court believes it is appropriate to provide Plaintiff with the opportunity to amend his complaint to properly state a claim for either breach of contract and/or fraud. Accordingly, the Court will grant Defendant's Motion for More Definite Statement as to these two issues.

## II.   Defendant's Motion to Dismiss for Failure to Plead Properly

Because the Court gives Plaintiff leave to amend his complaint Defendant's Motion to Dismiss is moot. Defendant may file motions to dismiss, if any, after Plaintiff files an amended complaint.

## III.   Plaintiff's Motion to Amend/Correct

Federal Rule of Civil Procedure 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While a court has discretion to grant or deny an opportunity to amend, "outright refusal to grant the leave without any justifying reason" is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) ("Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'") (citation omitted). A motion to amend should be denied for such reasons as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (*citing Foman*, 371 U.S. at 182).

Plaintiff's Motion to Amend/Correct is denied to the extent that he seeks to amend his complaint with the same pleadings. The Court acknowledges that there is a high bar in denying a

motion to amend, subject only to a few, discrete exceptions. Plaintiff's Motion fits within such an exception—futility of the amendment. It would be futile to allow Plaintiff to amend his Complaint with pleadings that mirror the Complaint he intends to amend verbatim. But, Plaintiff's Motion is granted to the extent necessary to comply with the Court's foregoing section, granting Defendant's Motion for More Definite Statement.

### IV.     Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) provides that when a party fails to plead or defend against affirmative relief sought against it, the court must enter default judgment against that party. Fed. R. Civ. P. 55(a).

Plaintiff alleges that "[n]o response was given by [Defendant] addressing any matters." The Court's record reflects that Defendant filed a pre-answer motion on May 12, 2009 and served it on Plaintiff. Thus, Defendant defended against Plaintiff's claims, and Plaintiff's Motion for Default Judgment is denied.

### V.     Plaintiff's Request for Preliminary Injunction

District courts are authorized by statute to issue preliminary and permanent injunctions in patent cases. 35 U.S.C. § 283; *Data Race, Inc. v. Lucent Technologies, Inc.*, 73 F. Supp. 2d 698, 707 (W.D. Tex. 1999). Courts use a bifurcated choice-of-law regime in granting preliminary injunctions of patent cases. The law of the Court of Appeals for the Federal Circuit controls with regard to substantive issues of patent law. *See Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994). But, the law of the regional circuit—the Fifth Circuit Court of Appeals, in this case—controls on procedural matters. *Xeta, Inc. v. Atex, Inc.*, 852 F.2d 1280 (Fed. Cir. 1988).

According to the Federal Circuit, the test for entitlement to a preliminary injunction has four parts. A preliminary injunction to stop allegedly infringing acts may be granted only if the patentee demonstrates: "(1) a reasonable likelihood of success on the merits, (2) an irreparable harm, (3) the balance of hardships tipping in the patentee's favor, and (4) a tolerable effect on the public interest." *Sofamor Danek Group, Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1219 (Fed. Cir. 1996) (*citing Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988). A preliminary injunction has been rightly described as a "drastic and extraordinary remedy" not to be routinely granted. *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993), *cert. denied*, 510 U.S. 1092 (1994). Equity requires that "the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." *Hybritech, Inc.*, 849 F.2d at 1451; *see also Intel Corp.*, 995 F.2d at 1568 (citation omitted). No factor or circumstance may be ignored.

If the preliminary injunction is granted, the weakness of the showing regarding one factor may be overborne by the strength of the showing on the others. If a preliminary injunction is denied, the absence of an adequate showing on any one factor can be sufficient to justify the denial, depending on the weight assigned the other factors. *Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951 (Fed. Cir. 1990). The Federal Circuit has stated that it is preferable that all factors be considered, but the first two factors—likelihood of success on the merits and irreparable harm—are central and "a movant cannot be granted a preliminary injunction without . . . carr[ying] its burden on both factors." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994). The matter of preliminary injunctive relief is committed to the sound discretion of the trial court. *Novo Nordisk of North Am., Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1367 (Fed. Cir. 1996).

In patent cases, the Court's analysis of movant's likelihood of success on the merits focuses on the infringement and validity of the asserted patent claims. *Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985). An infringement analysis consists of two steps. First, the court addresses, as a matter of law, the correct scope of the claims. Second, the court compares the properly construed claims to the accused device in order to determine, as a matter of fact, whether all claim limitations are present, either literally or by a substantial equivalent, in the accused device.

Because the court grants Defendant's Motion for More Definite Statement, Plaintiff's Amended Complaint is no longer a live pleading. Thus, the court denies Plaintiff's Request for Preliminary Injunction because it is unable to either address the scope of Plaintiff's claims or measure Plaintiff's claims against the four-part test.

## VI. Conclusion

For the above stated reasons, the Court GRANTS Defendant's Motion for More Definite Statement. Accordingly, the Court DENIES Defendant's alternative Motion to Dismiss as moot. The Court GRANTS Plaintiff's Motion to Amend/Correct to the extent that Plaintiff wishes to add claims based on either breach of contract or fraud. For the reasons stated above, the Court DENIES Plaintiff's Motion for Default Judgment and Plaintiff's Motion for Preliminary Injunction. Pursuant to Federal Rule of Civil Procedure 12(e), the Court permits Plaintiff fifteen days to add claims based on either breach of contract or fraud and file and serve his Second Amended Complaint. These issues will not be considered by the Court should Plaintiff fail to obey the Court's order within this timeframe.

**IT IS SO ORDERED.**

Signed this 22nd day of March, 2010.

                                                      JORGE A. SOLIS
                                                    UNITED STATES DISTRICT JUDGE